REVENUE CABINET COMMON-WEALTH OF KENTUCKY, Appellant,

v.

MOUNTAIN FORD, INC., Appellee.

No. 93–CA–000810–MR.

Court of Appeals of Kentucky.

March 11, 1994.

Discretionary Review Denied by Supreme Court June 15, 1994.

Michael J. Denney, Div. of Legal Services, Revenue Cabinet, Frankfort, for appellant.

Dandridge F. Walton, David H. Vance, Frankfort, Paul R. Collins, Hollon, Hollon & Hollon, Hazard, for appellee.

## OPINION

Before COMBS, JOHNSTONE and WILHOIT, JJ.

WILHOIT, Judge.

The only issue on this appeal is whether the circuit court erred in reversing a decision of the Kentucky Board of Tax Appeals holding that the gross receipts which an automobile dealer received from the purchaser of new motor vehicles from October 1986 to January 1, 1989, for undercoating or a "full protection package" were subject to sales tax. The full protection package consisted of "undercoating, paint sealant, rustproofing and scotch guarding" applied to the automobiles by the dealer for which a charge of $299.00 was added to the purchase price of the vehicle. A charge of $99.00 was added for only the undercoating.

KRS 139.200 levies a sales tax upon all retailers based on their gross receipts from retail sales. KRS 139.050(3)(f) exempts from a retailer's gross receipts "the sales price of any motor vehicle as defined by KRS 138.-450(2) which is registered for use on the public highways and upon which any applicable tax levied under KRS 138.460 has been paid...." KRS 138.460 imposes a usage tax on motor vehicles based on their "retail price," which for new vehicles is defined as "ninety percent (90%) of the manufacturer's suggested retail price of the vehicle with all equipment and accessories, standard and optional, and transportation charges." KRS 138.450(4)(a). The usage tax is collected by the county clerk at the time the vehicle is registered and licensed to the purchaser. KRS 138.460 sales taxes are collected by the retailer from the consumer and paid by the retailer to the Revenue Cabinet. KRS 139.-210. In this case usage tax based on the retail price charged for the undercoating or protection package was not collected and no sales tax was paid on these dealer-provided extras.

The Board of Tax Appeals held that the appellee was liable to pay sales tax on the gross receipts to it from sale of these "extras" because usage tax was not paid on them. It reasoned that the failure to pay usage tax on the extras destroyed their exemption from the definition of "gross receipts" set out in KRS 139.050(3)(f). According to the Board that exemption applies only if *all* applicable tax levied under the usage tax statute has been paid rather than when *any* such tax has been paid. The circuit court noted what it found to be "two entirely separate taxing systems," one based on actual gross receipts with collection made by the retailer, the other based on 90% of the manufacturer's suggested retail price with collection made by the county clerk. The court concluded that the exemption statute meant what it literally said so that if any usage tax was paid on the vehicle, the dealer was not liable for the collection and payment of sales tax on any part of the receipts from the sale. The court reasoned that to hold otherwise would require the automobile dealer to become the guarantor of accurate usage tax collection by the county clerk, and that that was not a part of the legislative scheme.

The Revenue Cabinet has long taken the position that dealer-provided "extras" such as we have here are to be included in assessing the amount of usage tax to be collected by county clerks. The appellee does not dispute this. Indeed, the record contains a 1983 Revenue Circular explaining this, as well as a 1984 memorandum from the Cabinet to all county clerks, reminding them to include in their valuation of a motor vehicle for usage tax dealer-added options such as "undercoating, rustproofing, fabric protector...." The practical problem presented to the Cabinet is that because the county clerk failed to collect all of the usage tax due, its only recourse is to collect these taxes from the various purchasers of vehicles from the appellee, unless, of course, the sales tax can be applied to the transaction. We understand its problem, but we believe the circuit court has properly interpreted KRS 139.-050(3)(f).

The opinion and order of the circuit court is affirmed.

All concur.